**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------
MARK LYNCH,

        Plaintiff,

  v.            No. 13-CV-830
                (GLS/CFH)
P.O. JAMES CLAUS, et al.,

        Defendants.
----------------------------------------------------------------

**APPEARANCES:**       **OF COUNSEL:**

MARK LYNCH
Plaintiff Pro Se
c/o Joseph's House
74 Ferry Street
Troy, New York 12180

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Mark Lynch, pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Lynch has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2.

### I. DISCUSSION

#### A. Application to Proceed IFP

Lynch has submitted an IFP Application. After reviewing the information provided therein, the Court finds that Lynch may properly proceed with this matter IFP.

## B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Lynch brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Lynch asserts that on or about January 14, 2012, he was beaten and falsely arrested and imprisoned by named and unnamed defendants at the Schenectady Police Department. Compl. at 6. Specifically, Lynch states that defendants intentionally and maliciously threw him against a car, pushed him to the ground, and kicked and hit him in the face, head and body. Compl. at 7-9. This resulted in abrasions to his head and face, pain, and headaches which continue to this day. Compl. at 9.

Lynch also contends that the district attorney's office refused to provide him with

exculpatory evidence and that his public defender provided inadequate representation. Compl. at 9-10. Specifically, Lynch states that the prosecutor and defense attorney continually adjourned court dates with the former maliciously prosecuting him by attempting to marshal evidence despite the fact that there was no case against him and the latter refusing to focus on preparing for trial and instead attempting to procure a favorable plea deal despite Lynch's representations that he was not interested in such. Compl. at 12-13. While unclear, it appears that Lynch was convicted based upon these charges. Compl. at 14 ("Plaintiff truly in his heart believes that he . . . was railroaded to a conviction[,] an unlawful and unconstitutional conviction . . . ."). This conviction appears to stand. For a more complete statement of Lynch's claims, reference is made to the complaint.

### i. False Arrest and Imprisonment, Prosecutorial Misconduct & Ineffective Assistance of Counsel

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Lynch's claims regarding false arrest and imprisonment, malicious prosecution, and ineffective assistance of counsel strike at the

3

heart of the apparent conviction Lynch received as a result of the events in question.[1] Were Lynch to succeed on any theory espoused above, he would necessarily call into question the validity of his underlying conviction and sentence. As such, all of these claims are barred because he has failed to show that a conviction or sentence has been overturned. See Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned). Accordingly, such claims would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Lynch's complaint lacks an arguable basis in law.

### ii. Excessive Force

However, Lynch's assertion that excessive force was used against him during his arrest would not be barred by Heck. Lynch's complaint currently satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), which requires plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). Lynch's contentions that, without provocation, the named and unnamed police officer defendants threw him against a vehicle and the ground and hit and kicked him multiple times resulting in physical injuries is

---

[1] It is not entirely clear to this Court whether the proceedings on this arrest are even complete. Until the arrest is fully adjudicated in Lynch's favor, his claims of false arrest, false imprisonment, malicious prosecution, ineffective assistance of counsel, and the like, would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Lynch's complaint lacks an arguable basis in law.

4

sufficient to establish a plausible Eighth Amendment claim.

The Court notes that Lynch has named two "John Doe" defendants in this action which were involved in the alleged use of excessive force. Lynch is advised that the United States Marshals cannot effect service on a "John or Jane Doe" defendant. In the event that Lynch wishes to pursue this claim against these defendants, he shall take reasonable steps to ascertain their identities through discovery or otherwise. Lynch may then file a motion to amend his pleadings and seek leave of the Court to add such individuals, by name, as defendants to this lawsuit. Lynch is further advised that if these individuals are not timely served, this action will be dismissed as against them.

Lynch has also brought suit against the Schenectady Police Department, City of Schenectady, and County of Schenectady. The Schenectady "Police Department is an administrative arm of the City, which is a municipality, [thus] the Police Department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." Hines v. City of Albany, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008) (quotations omitted); see also Hoisington v. County of Sullivan, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) ("Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal defendants . . . are not amenable to suit.") (citations omitted). Accordingly, any and all claims against the city police department should be dismissed pursuant to such.

With regard to the city and county, both are municipal entities. "A claim under § 1983 asserted against a municipality must allege that a deprivation of the plaintiff's constitutional rights resulted from a custom or policy of the municipality." Perez v. County of Westchester, 83 F. Supp. 2d 435, 438 (S.D.N.Y. 2000) (citing Monell v. Dep't of Soc. Servs., 436 U.S.

658, 694 (1978)).  "Such a claim cannot be based on the theory of respondeat superior [and] . . . there must be proof of such a custom or policy in order to permit recovery on claims against individual . . . employees . . . ."  Id. (citations omitted).  In the instant case, there are no allegations by Lynch, nor does a liberal reading of the complaint show that there were any policies or customs which caused a violation of Lynch's constitutional rights.  As Lynch has failed to proffer any facts indicating that the named and unnamed officers acted according to a policy, practice, or custom of the city or county which deprived Lynch of his constitutional rights., the case should be dismissed against these entities.

However, Lynch contends that employees of the municipality, specifically the police officers, engaged in conduct violating his constitutional rights.  Moreover, in light of his pro se status, prior to dismissing these potential Monell claims against the municipal defendants, the Court recommends that the District Judge provide Lynch an opportunity to amend his complaint to expand upon the facts in this case.  In this regard, the Court notes that Lynch should be guided by the Supreme Court's decision in Ashcroft, requiring plaintiffs to satisfy the plausibility standard.  Specifically, Lynch will have to proffer facts sufficient to plausibly state that the municipal defendants created a policy, practice or custom that deprived Lynch of his constitutional rights.

**WHEREFORE**, it is hereby

**ORDERED**, that Lynch's Motion to Proceed In Forma Pauperis (Dkt. No. 2) is **granted**.[2]

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Lynch's

---

[2] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

6

claims of false arrest, false imprisonment, prosecutorial misconduct, and ineffective assistance of counsel be dismissed as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); and it is further

**RECOMMENDED** that, prior to dismissing the municipal defendants Lynch be given an opportunity to amend his complaint to clarify any Monell claims; and it is further

**RECOMMENDED**, that the Court allow Lynch's claims alleging excessive force in violation of the Eighth Amendment be accepted for filing and that, upon receipt from Lynch of the documents required for service of process, the Clerk be directed to issue summonses and forward them, together with copies of Lynch's complaint and a General Order No. 25 packet which sets forth this District's civil case management plan requirements, be forwarded to the United States Marshal for service upon the defendants, and that in addition the Clerk respectfully be directed to forward a copy of the summons and complaint in this action, by mail, to the corporation counsel for the City of Schenectady and the Schenectady County Attorney's Office, together with a copy of this report and recommendation and any subsequent order issued by this Court; and it is further

**RECOMMENDED**, that Lynch be advised that all pleadings, motions and other documents related to this action must be filed with the Clerk of the United District Court, Northern District of New York, Fifth Floor, James T. Foley United States Courthouse, 445 Broadway, Room 509, Albany, New York 12207, and that any documents sent by any party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of that document was mailed to all opposing parties or their counsel, and that plaintiff must promptly notify the clerk's office and all parties or counsel of any change in

this address, and that their failure to do so will result in dismissal of this action.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within **FOURTEEN** days of service of this report. **FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It is further **ORDERED** that a copy of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date:  July 19, 2013
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge