**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARK LYNCH,**

                **Plaintiff,**　　　　　　　1:13-cv-830
　　　　　　　　　　　　　　　　　　　　　　(GLS/CFH)
                **v.**

**P.O. JAMES CLAUS et al.,**

                **Defendants.**
_____

## SUMMARY ORDER

Plaintiff *pro se* Mark Lynch commenced this action pursuant to 42 U.S.C. § 1983 against defendants police officer James Claus, the Schenectady Police Dept. (SPD), the City of Schenectady, the County of Schenectady, the County of Schenectady District Attorney (DA), the Schenectady County Public Defender's Officer (PDO), and two John Doe police officers. (Compl. at 1-2, 5, Dkt. No. 1.) In his complaint, Lynch alleges claims of false arrest, false imprisonment, prosecutorial misconduct, ineffective assistance of counsel, and excessive force. (*Id.* at 3, 6-16; Dkt. No. 3 at 2-3.) The claim of excessive force is alleged only as against the police officers, and, arguably, on a *Monell*[1] theory of municipal

---

[1] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

liability as against SPD, the City, and the County.[2] (Compl. at 3, 6, 7-9, 15.) Pending before the court are three applications, one filed by Lynch, (Dkt. No. 25), and two filed by the County, DA, and PDO, (Dkt. Nos. 27, 33), which are discussed below.

Lynch filed a motion seeking leave to proceed *in forma pauperis* along with his pleading, (Dkt. No. 2), and, upon review of that application, Magistrate Judge Christian F. Hummel recommended that all but Lynch's claim of excessive force against the police officers be dismissed, and, before dismissing the City and County, Lynch be afforded additional time to allege facts that would support a *Monell* claim against them, (Dkt. No. 3 at 4-7). Judge Hummel also specifically recommended the dismissal of SPD on the excessive force claim. (*Id.* at 5.) Judge Hummel's Report-Recommendation and Order (R&R), containing the aforementioned recommendations, was adopted in its entirety by the court after the

---

[2] Here, liability could only be imposed upon the municipality that employs or had an agency relationship with the individual police officers allegedly responsible for the conduct in question if those officers were acting pursuant to an official policy or custom. *See Monell*, 436 U.S. at 694. It appears that the officers named herein are employees of the City, (Compl. ¶ 3), but, for reasons explained below, both the City and County are dismissed, and the question of who employed the police officers named herein is of no moment.

2

deadline for filing objections to the R&R lapsed and none were filed. (Dkt. No. 4.)

More than thirty days afterward, the City, Claus, and SPD filed an answer, (Dkt. No. 13), and, by letter motion, the County, DA, and PDO requested that they be dismissed in light of Lynch's failure to amend his complaint within the time allotted by the court to do so, (Dkt. No. 16). Soon thereafter, Lynch sought a temporary stay, which was granted, and his time to file an amended complaint was again extended, this time to November 1, 2013. (Dkt. Nos. 18, 19.) The order granting Lynch's request was twice returned to the court as undeliverable, (Dkt. Nos. 22, 23), but, ultimately, as reflected in a November 7, 2013 docket entry, he telephoned the court to advise it of his then-current address, and he was notified of the court's order at that time. On November 18, 2013, Lynch filed a document that both objects to the adopted R&R—or, arguably seeks reconsideration of this court's adoption of it—and proposes some amendments to his complaint. (Dkt. No. 25.) That filing is pending, and its disposition is discussed below. In response to Lynch's filing, and also pending before the court, the County, DA, and PDO by letter motion request that the court dismiss the application as "clearly untimely." (Dkt. No. 27.) While the court

3

agrees that Lynch's application is late, in an abundance of caution, it denies the letter motion, and considers Lynch's filing as outlined below. Finally, the same defendants have moved to dismiss. (Dkt. No. 33.) That motion is denied as moot.[3]

In a nutshell, Lynch's objection to the dismissal of DA and PDO, (Dkt. No. 25), is without merit, and his complaint is amended to reflect the identities of the Doe defendants. Before addressing those issues, however, it is necessary to clarify the status of this action. In particular, it will benefit the parties and their counsel to understand who remains as parties and what claim(s) are still pending following the court's order adopting the R&R.

Lynch's claims of false arrest, false imprisonment, prosecutorial misconduct, and ineffective assistance of counsel were dismissed on the authority of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (Dkt. No. 4 at 2.) Lynch was *not* given leave to amend his complaint regarding these claims, (*id.*), and, in light of Lynch's admission that his conviction "still stands," (Dkt. No. 25 at 1), amendment would be futile. Because these

---

[3] Because the claims against the County, DA, and PDO are all dismissed as outlined below, their motion to dismiss, (Dkt. No. 33), is moot, and no response from Lynch is warranted.

4

were the only claims that pertained to DA and PDO, those parties were previously dismissed by the court's adoption of the R&R. (Dkt. No. 4 at 2.) Lynch's excessive force claim remained only as against Claus, and the Doe defendants. (Dkt. No. 3 at 4-5, 7.) The City and County were conditionally dismissed subject to Lynch alleging a plausible *Monell* claim against them within thirty days, (*id.* at 5-6, 7; Dkt. No. 4 at 2), and SPD was specifically dismissed outright as "an administrative arm of the City," (Dkt. No. 3 at 5 (internal quotation marks omitted)).

Turning to Lynch's late objection to the dismissal of DA and PDO, (Dkt. No. 25), nothing contained in his filing alters the conclusion that *Heck* bars the claims asserted against them and that no amendment can save those causes of action. As such, the court declines to reconsider its adoption of the R&R. With respect to the proposed amendments alleged by Lynch, the court accepts for filing his identification of the Doe defendants as "Police officer Shepler" and "Police officer I.D. # 5142," (Dkt. No. 25 at 2), which should be sufficient identification for purposes of service. The court also recognizes that Lynch does not allege a *Monell*

claim against either the City or County,[4] and those parties are, accordingly, dismissed. Finally, Lynch's statement that "The Federal Court should issue a Writ of habeas Corpus" to "right the wrong that has been done" to him is disregarded. (*Id.* at 4.) Habeas relief under 28 U.S.C. § 2254 is available only to those "in custody" within the meaning of § 2254(a), and there is no indication whatsoever that Lynch is in custody within the meaning of the statute.

Accordingly, it is hereby

**ORDERED** that the letter motion of the County, County of Schenectady District Attorney, and Schenectady County Public Defender's Office requesting dismissal of Lynch's filing (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED** that Lynch's application regarding the dismissal of the County of Schenectady District Attorney and Schenectady County Public Defender's Office (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED** that the Clerk is directed to amend the docket to reflect

---

[4] Indeed, Lynch asserts that he is "completely sure that there is a custom and-or policy that Police officers[] *not* beat the people that they arrest." (Dkt. No. 25 at 5 (emphasis added).)

6

that the Doe defendants have been identified as "Police officer Shepler" and "Police officer I.D. # 5142," and that, upon receipt from Lynch of the documents required for service of process, the Clerk be directed to issue summonses and forward them, together with copies of Lynch's complaint, a General Order No. 25 packet, which sets forth this District's civil case management plan requirements, and a copy of the Uniform Pretrial Scheduling Order previously issued in this case, to the United States Marshal for service upon Police officer Shepler and Police officer I.D. # 5142; and it is further

**ORDERED** that the Clerk is directed to terminate Schenectady Police Dept., City of Schenectady, County of Schenectady District Attorney, Schenectady County Public Defender's Office, and Schenectady County; and it is further

**ORDERED** that the only claim accepted for filing is one of excessive force as against P.O. James Claus, Police officer Shepler, and Police officer I.D. # 5142; and it is further

**ORDERED** that the motion to dismiss of County of Schenectady District Attorney, Schenectady County Public Defender's Office, and Schenectady County (Dkt. No. 33) is **DENIED** as moot; and it is further

7

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

January 28, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court