**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------
MARK LYNCH,

                                  Plaintiff,

       v.                                        No. 13-CV-830 (GLS/CFH)

P.O. JAMES CLAUS, et al.,

                                  Defendant.
-------------------------------------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MARK LYNCH<br>Plaintiff Pro Se<br>406 Summit Avenue<br>Schenectady, New York 12307 | |
| CARTER, CONBOY, CASE, BLACKMORE,<br>    MALONEY & LAIRD, P.C.<br>Attorneys for defendants<br>20 Corporate Woods Boulevard<br>Albany, New York 12211 | MICHAEL. J. MURPHY, ESQ.<br>ALAINA K. LAFERRIERE, ESQ. |

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## DECISION and ORDER

Presently before this Court is a motion by Lynch for appointment of counsel and request for a settlement conference. Dkt. No. 44.

Prior to evaluating a request for appointment of counsel, a party must first demonstrate that he is unable to obtain counsel through the private sector or public interest firms. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173-74 (2d Cir. 1989) (citing Hodge, 802 F.2d at 61). Presently, Lynch has listed several names of attorneys and firms from the private sector. Dkt. No. 44 at 2. Lynch states that all four of these attorneys "denied to help . . . due to busy

schedules." Id.  It does not appear that Lynch has attempted to retain representation from any public interest firms.  While that is suggested as Lynch moves forward with the claim, the undersigned will continue with consideration of the motion.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997).  The court should first determine whether the indigent's position seems likely to be of substance.  Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)).  If the claim meets this threshold requirement, the court should then consider:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. (quotations omitted).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts. Velasquez v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing Hodge v. Police Officers, 802 F.2d at 61).

A review of this matter reveals that the issue in dispute herein – whether the three remaining defendants utilized excessive force – is not overly complex.  Further, upon instant examination of the case, Lynch has successfully represented himself by communicating with the Court, participating in conferences, successfully requesting a stay, and surviving a motion to dismiss.  Accordingly, it appears to the Court as though, to date, Lynch has been able to effectively litigate this action.  While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case

in many actions brought under 42 U.S.C. § 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel." Velasquez v. O'Keefe, 899 F. Supp. at 974. Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted. Lynch may only file another motion for appointment of counsel in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants the granting of such an application.

**WHEREFORE**, it is hereby

**ORDERED**, that Lynch's motion for appointment of counsel (Dkt. No. 44 at 1-2) is **DENIED** without prejudice to renew as noted above; and it is further

**ORDERED,** that Lynch's request for a settlement conference (Dkt. No. 44 at 3-4) is **GRANTED**. All parties and their lead counsel are hereby **ORDERED TO APPEAR BEFORE THE UNDERSIGNED at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York at 2:00 p.m. on Thursday, April 24, 2014.** An insured party shall appear by a representative of the insurer who is authorized to discuss and make recommendations relating to settlement. An uninsured corporate or governmental entity shall appear by a representative authorized to discuss and make recommendations relating to settlement. If the parties wish the bankruptcy trustee and/or mortgagee representative to be present, the parties are directed to make the appropriate arrangements.

**ORDERED**, that the Clerk shall provide Lynch with a blank copy of the Notice of Change of Address form with this order. Lynch is reminded that, pursuant to the local rules,

it is his responsibility to update any changes to his address with the Clerk via the Notice of Change of Address form.[1]  See N.D.N.Y.L.R. 10.1(c)(2) & 41.2(b) ("Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action.")

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:   March 28, 2014
         Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[1] Upon intake of Lynch's letter it was noted that the return address on the envelope (Dkt. No. 44 at 4) was slightly different than the address on file with the Court.